[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO CORRECT OR CONFIRM ARBITRATION AWARD
This matter is companion to the case of Wilich, et al v. Brown dba, docket number 269138, wherein the court denied the Wilich's application to vacate the arbitration award.
In the instant case the arbitrator awarded the plaintiff contractor the sum of $17,780.00 payable on the plaintiff's compliance with three conditions set forth in the award. One of those conditions calls for the plaintiff to obtain and provide the defendants with a certificate of occupancy issued by the town of Weston, Connecticut.
Plaintiff alleges that the defendants refuse to allow an inspection of their residence thereby preventing the town from issuing a certificate of occupancy. Plaintiff alleges that by this, tactic the defendants can prevent plaintiff from complying with that condition indefinitely and thereby avoid paying the money award. Plaintiff has moved to correct or confirm the award.
Connecticut General Statutes 52-419 governs motions CT Page 1760 to correct and provides, in relevant part:
 (a) Upon the application of any party to an arbitration. . . [the court] shall make an order modifying or correcting the award if it finds any of the following defects: (1) if there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.
 (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
Plaintiff claims in his brief that the issuing of the certificate of occupancy was not a matter submitted to the arbitrator and, therefore, the court should delete this requirement from the award.
As previously decided in Wilich v. Brown, docket number 269138, this submission was unrestricted and the arbitrator's decision is considered final and binding. See American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186
(1987).
The court has also decided in the Wilich v. Brown case that the award does indeed conform to the submission. The award may not be corrected for this reason.
Plaintiff's second claim for correcting the award relies on 3 of Connecticut General Statutes 52-419, cited above, allowing a correction if the award is "imperfect in matter of form not affecting the merits of the controversy." Plaintiff claims that the award is in his favor; however, it is impossible for him to comply with the condition precedent to obtaining payment because an inspection of the home is necessary before a certificate of occupancy may be issued.
The defendants have control over whether the building inspector enters their home or not. It would be unfair to allow, them to postpone payment indefinitely by refusing to allow such inspection thereby preventing a certificate of occupancy from issuing. CT Page 1761
Subsection (b) of Connecticut General Statutes 52-419
cited above allows the court to correct an award to effect the intent of the award and promote justice between the parties. Clearly, the arbitrator intended that the plaintiff in the instant case receive payment upon complying with the conditions of the award, one of which was the provision of a certificate of occupancy. The arbitrator drew the award so that the defendants would not have to pay the plaintiff until such certificate had been issued. As there must be an inspection before a certificate of occupancy may be issued, the plaintiff's motion to correct is well founded and is hereby granted as per the following order:
1. Defendants are to allow an inspection to be made of the premises by the necessary officials for the purpose of issuing a certificate of occupancy within ten days of the filing of this decision.
2. In the event defendants refuse to allow such inspection, said requirement is deleted from the award.
The foregoing order does not effect the merits of the controversy but is designed to carry out the obvious intent of the award and promote justice between the parties.
The award, as corrected, is confirmed.
E. EUGENE SPEAR, JUDGE.